# STATE OF NORTH CAROLINA

_____WAKE_____ County

File No.

20CVS019627

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| **Name And Address Of Plaintiff 1**<br>Anthony Vines<br>c/o Clermont Ripley, N.C. Justice Center<br>P.O. Box 28068<br>Raleigh, NC 27611<br>**Name And Address Of Plaintiff 2** | FILED<br>2020 DEC -1 PM 4 11<br>WAKE COUNTY<br><br>**GENERAL<br>CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING  ☐ SUBSEQUENT FILING |

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

## VERSUS

| | |
|---|---|
| **Name And Address Of Defendant 1**<br>Mountaire Farms, Inc.<br>c/o CT Corporation<br>160 Mine Lake Court, Suite 200<br>Raleigh, NC 27615 | **Name And Address Of Attorney Or Party, If Not Represented**<br>(complete for initial appearance or change of address)<br>Clermont Ripley<br>North Carolina Justice Center<br>P.O. Box 28068<br>Raleihg, NC 27611 |

**Summons Submitted**  ☒ Yes  ☐ No

**Name And Address Of Defendant 2**

**Summons Submitted**  ☐ Yes  ☐ No

| Telephone No. 919-856-2154 | Cellular Telephone No. 720-470-7482 |
|---|---|
| NC Attorney Bar No. 36761 | Attorney Email Address clermont@ncjustice.org |

☒ Initial Appearance in Case  ☐ Change of Address

| Name Of Firm North Carolina Justice Center | Fax No. 919-856-2175 |
|---|---|

**Counsel For**
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: (list party(ies) represented)

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

## TYPE OF PLEADING

(check all that apply)

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) (see Note)
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) Assess Court Costs
☐ Crossclaim (list on back) (CRSS) Assess Court Costs
☐ Dismiss (DISM) Assess Court Costs
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

| CLAIMS FOR RELIEF |
|---|

- [ ] Administrative Appeal (ADMA)
- [ ] Appointment Of Receiver (APRC)
- [ ] Attachment/Garnishment (ATTC)
- [ ] Claim And Delivery (CLMD)
- [ ] Collection On Account (ACCT)
- [ ] Condemnation (CNDM)
- [ ] Contract (CNTR)
- [ ] Discovery Scheduling Order (DSCH)
- [ ] Injunction (INJU)

- [ ] Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- [ ] Medical Malpractice (MDML)
- [ ] Minor Settlement (MSTL)
- [ ] Money Owed (MNYO)
- [ ] Negligence - Motor Vehicle (MVNG)
- [ ] Negligence - Other (NEGO)
- [ ] Motor Vehicle Lien G.S. Chapter 44A (MVLN)
- [ ] Possession Of Personal Property (POPP)

- [ ] Product Liability (PROD)
- [ ] Real Property (RLPR)
- [ ] Specific Performance (SPPR)
- [x] Other *(specify and list each separately)*
Retaliatory Employment Discrimination Act (REDA)
Wrongful discharge in violation of public policy

| Date | Signature Of Attorney/Party |
|---|---|
| 12/01/2020 | *[signature]* |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

Wake _____ County

F LED

File No. 20CV013627

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name Of Plaintiff
Anthony Vines

**VERSUS**

Name Of Defendant
Mountaire Farms, Inc.

**PETITION TO PROCEED AS AN INDIGENT**

G.S. 1-110; 7A-228

## AFFIDAVIT

*(check one of the four boxes below)*

☒ **Petition To Assert Claims** - As a party in the above entitled action, I affirm that I am financially unable to advance the required costs for the prosecution of the claims I have asserted. Therefore, I now petition the Court for an order allowing me to assert my claims as an indigent.

    ☐ I am an inmate in the custody of the Division of Adult Correction and Juvenile Justice.
    **(NOTE TO CLERK:** *If this block is checked, this Petition must be submitted to a Superior Court Judge for disposition provided on the reverse.)*

☒ **Petition To File Motions** - As a party in the above entitled action, I affirm that I am financially unable to advance the required costs to file a notice of hearing on a motion. Therefore, I now petition the Court for an order allowing me to file my motion as an indigent.

☐ **Petition To Appeal** - As the individual appellant in the above entitled small claims action, I affirm that I am financially unable to pay the cost for the appeal of this action from small claims to district court. Therefore, I now petition the Court for an order allowing me to appeal this action to district court as an indigent.

☐ **Petition To File Expunction Petition** - As the petitioner in the above entitled action, I affirm that I am financially unable to advance the required costs to file an expunction petition. Therefore, I now petition the Court for an order allowing me to file my expunction petition as an indigent.

*(check one or more of the boxes below as applicable)*

☐ I am presently a recipient of
    ☐ Supplemental Nutrition Assistance Program (SNAP/food stamps).    ☐ Temporary Assistance for Needy Families (TANF).
    ☐ Supplemental Security Income (SSI).

☒ I am represented by a legal services organization that has as its primary purpose the furnishing of legal services to indigent persons, or I am represented by private counsel working on behalf of such a legal services organization. *(Attach a letter from your legal services attorney or have your attorney sign the certificate below.)*

☐ Although I am not a recipient of SNAP/food stamps, TANF, or SSI, nor am I represented by legal services, I am financially unable to advance the costs of filing this action or appeal.

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Date 11/23/2020 |
|---|---|

| Date 11/23/2020 | Signature | Signature Of Petitioner *Anthony L. Vines* |
|---|---|---|

Title Of Person Authorized To Administer Oaths
Notary Public

**Shanelle Walker**
Notary Public
**Cumberland County, NC**
My Commission Expires 02-15-2023

Date Commission Expires
02/15/23

**SEAL**

Name And Address Of Petitioner (type or print)
Anthony Lee Vines
1715 Nutley Dr.
Fayetteville NC 28303

## CERTIFICATE OF LEGAL SERVICES/PRO BONO REPRESENTATION

I certify that the above named petitioner is represented by a legal services organization that has as its primary purpose the furnishing of legal services to indigent persons or is represented by private counsel working on behalf of or under the auspices of such legal services organization.

| Date | Signature Carol L. Brooke |
|---|---|

Name And Address (type or print)
Carol Brooke
North Carolina Justice Center
P.O. Box 28068
Raleigh, NC 27611

## ORDER

Based on the Affidavit appearing above, it is ORDERED that:
☑ the petitioner is authorized to assert claims, to appeal, or file notices of hearing or petitions in this action as an indigent.
☐ the petition is denied.

| Date 12-1-2020 | Signature | ☒ Assistant CSC    ☐ Clerk Of Superior Court |
|---|---|---|
| | | ☐ Judge    ☐ Magistrate (for appeal only) |

**NOTE TO CLERK:** *If the petitioner is NOT a recipient of SNAP/food stamps, TANF, SSI or is NOT represented by legal services or a private attorney on behalf of legal services, you may ask for additional financial information to determine whether the petitioner is unable to pay the costs.*

AOC-G-106, Rev. 2/18, © 2018 Administrative Office of the Courts     *(Over)*

NORTH CAROLINA

FILED

2020 DEC -1 PM 4: 11

WAKE COUNTY, C.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

WAKE COUNTY

Case No. _____

ANTHONY VINES,

        Plaintiff,

    v.

MOUNTAIRE FARMS, INC.

        Defendant.

**COMPLAINT**
(Jury Trial Demanded)

## INTRODUCTION

1.    This is a civil action seeking damages and equitable relief from Defendant Mountaire Farms, Inc. for its unlawful retaliation against Plaintiff Anthony Vines in violation of the Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-240, *et seq.*, and for wrongful discharge of Plaintiff in violation of North Carolina public policy.

## PARTIES

2.    Plaintiff Anthony Vines is a resident of Robeson County, North Carolina. Plaintiff was employed at the Mountaire Farms, Inc. chicken processing facility in Lumber Bridge, North Carolina from approximately August 2018 through April 2019.  During that period, Plaintiff was an "employee" of Defendant within the meaning of REDA and the common law.

3.    Defendant Mountaire Farms, Inc. ("Mountaire") is a company organized and existing under the laws of the State of North Carolina, with its registered office in Raleigh, North Carolina, and places of business in Robeson and Chatham Counties, North Carolina. Mountaire

1

was at all relevant times a "person" under REDA, N.C. Gen. Stat. § 95-240(1), and an

"employer" within the meaning of the common law.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over the subject matter and the parties to this action

pursuant to N.C. Gen. Stat § 95-243.  Venue is proper in Wake County under N.C. Gen. Stat. §§

1-79(a)(1) and 95-243(a) because Defendant has a registered office in and therefore resides in

Wake County.

## FACTS

5.       The foregoing allegations are incorporated by reference herein.

6.       Defendant hired Plaintiff in August of 2018 to perform manual labor in its

chicken processing facility in Lumber Bridge, North Carolina.

7.       Plaintiff performed his job without ever receiving any written warnings related to

his performance.

8.       At the time he was hired, Plaintiff filled out a medical questionnaire and disclosed

orally to his supervisor, Tiffany Campbell, that he suffered from neuropathy which caused foot

pain and made it difficult for him to do certain types of work.

9.       Plaintiff was 53 years old when he began working for Defendant.

10.      Plaintiff's supervisor, Campbell, regularly made comments to him about his age.

For example, when he had difficulty operating the manual forklift because the wheels got

jammed, she would remark that he was slow and old. Later, when Plaintiff worked packaging

chicken tenders, she continued to comment that he was slow due to his age.

2

11.     In January of 2019, Defendant assigned Plaintiff to work packing chicken in dry

ice. Plaintiff's job involved shoveling dry ice from a bin into a tote. Plaintiff then scooped dry

ice from the tote onto the chicken as it traveled down a conveyor belt.

12.     Plaintiff suffered a range of symptoms from the constant exposure to the dry ice

vapors. His nose ran continuously. His mouth was always dry. Plaintiff experienced headaches

and loss of appetite.

13.     Plaintiff raised his concerns about the unsafe working conditions on multiple

occasions to his supervisor, Tiffany Campbell. Campbell responded that other workers were not

complaining.

14.     Only two people worked packing chicken in dry ice during each shift.

15.     When Plaintiff worked packing chicken in dry ice, his shift began around 5:30

p.m. and ended around 2:30 a.m.

16.     Plaintiff requested additional safety equipment, explaining that the plastic face

shield he was provided still allowed the dry ice fumes to reach his face. Campbell declined to

provide additional equipment, so Plaintiff purchased his own mask to wear. However, Campbell

instructed Plaintiff not to wear the mask.

17.     After several weeks or more of experiencing health effects from the dry ice,

Plaintiff contacted the Occupational Safety and Health Division of the North Carolina

Department of Labor on February 15, 2019. That same day, Plaintiff left work early because of

the symptoms he was experiencing.

18.     Plaintiff felt sick all the next day, a Saturday, and on that Sunday he went to the

emergency room where he was diagnosed with, among other things, dehydration and sciatic

nerve pain. Plaintiff was given a medical excuse from work until February 23.

3

19.    When Plaintiff returned to work, he presented the doctor's note to Gilda Richardson from the Human Resources Department and expressed his concerns about his exposure to dry ice and the need for protective gear. He also told Richardson that he had complained about the dry ice to Campbell on several occasions, but Campbell had ignored his complaints.

20.    That same day, Richardson informed Plaintiff for the first time that he had accumulated 13 "occurrences," or events that could lead to discipline, and that Defendant could fire Plaintiff after 8 occurrences. Richardson then told Plaintiff they would reduce his occurrences to 7 as long as he continued to work without complaint. Plaintiff understood Richardson's comments to be a threat.

21.    On March 5, 2019, an investigator or investigators from the Occupational Safety and Health Division (OSH) of the North Carolina Department of Labor inspected the Lumber Bridge Mountaire facility in response to Plaintiff's February 15 OSH complaint. The inspectors conducted personal air monitoring sampling.

22.    OSH visited the Lumber Bridge Mountaire facility on March 5. Upon information and belief, that visit took place during the day shift at Mountaire.

23.    The week of the OSH investigation, Plaintiff's supervisor subjected him to increased scrutiny with respect to his work performance and threatened him with writeups, especially during his March 5 to 6 overnight shift.

24.    When Plaintiff arrived at work on Wednesday, March 6 to begin his shift, he asked a supervisor to come with him to speak to Tiffany Campbell and asked Campbell to stop harassing him.

4

25.     The supervisor then spoke to Gilda Richardson who immediately took Plaintiff's name badge and told Plaintiff to leave and not to come back until Monday, which was March 11, 2019.

26.     Defendant suspended Plaintiff for 3 days, March 6, March 7 and March 8.

27.     Plaintiff returned to work after his suspension on March 11. At that time, he was reassigned to a new position that required constant heavy lifting and caused him back and feet pain.

28.     Plaintiff was only able to work in the new position for one day due to the pain it caused and requested a leave of absence, which was granted.

29.     OSH returned to Mountaire on March 12 and conducted additional personal air monitoring. OSH determined that the readings demonstrated that the carbon monoxide levels exceeded the permissible exposure limit.

30.     On or around April 18, Plaintiff presented a doctor's note to Defendant recommending that he be put on light duty, but Defendant instead terminated Plaintiff that same day.

31.     Defendant terminated Plaintiff's employment because of Plaintiff's complaints to Defendant about unsafe working conditions and because he filed a complaint with OSH about those working conditions.

32.     On May 29, 2019, OSH issued a citation and fine to Defendant for violating OSHA with respect to the handling of dry ice.

33.     On June 17, 2019, Plaintiff filed a complaint with NCDOL regarding his termination in retaliation for his complaints to Defendant and to OSH about unsafe working conditions at the Mountaire facility.

5

34.     Defendant terminated Plaintiff's employment because he opposed their violations

of the Occupational Safety and Health Act of North Carolina ("OSHA") and because he filed a

complaint with NCDOL about Defendant's OSHA violations.

35.     Prior to being terminated, Plaintiff worked approximately 42 hours per week for

Defendant and was paid $14.10 per hour.

36.     Plaintiff has not been able to find employment since being terminated by

Defendant.

37.     On September 2, 2020, the Commissioner of Labor issued Plaintiff a right-to-sue

letter for his complaint under the Retaliatory Employment Discrimination Act ("REDA").

### FIRST CLAIM FOR RELIEF
(Violation of REDA, N.C. Gen. Stat. § 95-240 *et seq.*)

38.     The foregoing allegations are incorporated by reference herein.

39.     By reassigning Plaintiff to a position that required heavy lifting on March 12,

2019 which exacerbated his neuropathy and sciatic nerve pain, Defendant unlawfully

discriminated against him and retaliated against him for his exercise of his rights to file a claim

or complaint, initiate any inquiry, investigation, proceeding or other action with respect to the

OSHA, in violation of N.C. Gen. Stat. § 95-241(a).

40.     In terminating Plaintiff, Defendant unlawfully discriminated against him and

retaliated against him for his exercise of his rights to file a claim or complaint, initiate any

inquiry, investigation, proceeding or other action with respect to the OSHA, in violation of N.C.

Gen. Stat. § 95-241(a).

41.     Defendant's relocation of Plaintiff was a "retaliatory action" within the meaning

of N.C. Gen. Stat. § 95-240(2) and was a discriminatory or retaliatory action against Plaintiff

6

within the meaning of N.C. Gen. State. § 95-241(a). The reassignment of Plaintiff was therefore unlawful.

42.     Defendant's termination of Plaintiff's employment on April 18, 2019 was a "retaliatory action" within the meaning of N.C. Gen. Stat. § 95-240(2) and was a discriminatory or retaliatory action against Plaintiff within the meaning of N.C. Gen. Stat. § 95-241(a). The termination of Plaintiff's employment was therefore unlawful.

43.     In accordance with N.C. Gen Stat. § 95-242, Plaintiff timely filed complaints with NCDOL against Defendant alleging unlawful retaliation and discrimination against him for asserting his rights under OSHA.

44.     The Commissioner of Labor issued Plaintiff Right-to-Sue Letters on September 2, 2020.

45.     This action is timely filed within ninety days of September 2, 2020, as provided by N.C. Gen. Stat. § 95-243(b).

46.     Defendants' retaliatory and discriminatory behavior proximately caused Plaintiff to suffer damages in an amount to be determined at trial but in excess of $25,000 in lost wages, lost benefits, and other economic losses.

47.     Defendant's termination of Plaintiff because of his exercise of his rights under NCOSHA was intentional and willful, within the meaning of N.C. Gen. Stat. § 95-243, entitling plaintiff to recover treble damages.

## SECOND CLAIM FOR RELIEF
(Wrongful Discharge in Violation of Public Policy)

48.     The foregoing allegations are incorporated by reference herein.

49.     The public policy of North Carolina, as expressed in N.C. Gen. Stat. § 95-240 *et seq.*, protects employees against retaliatory action and discrimination for exercising their statutory rights under OSHA, including by providing information, threatening to file a complaint, and filing a complaint regarding violations of OSHA.

50.     Defendant violated the public policy of the State of North Carolina by terminating Plaintiff because he exercised his rights under the OSHA, because he opposed his employer's violations of the OSHA  and because he filed a complaint with the North Carolina Department of Labor regarding the unlawful safety and health conditions related to the use of dry ice. Defendant wrongfully discharged Plaintiff in contravention of the express public policy of the State of North Carolina, which is actionable under North Carolina law.

51.     As a proximate result of Defendant's wrongful discharge of Plaintiff, Plaintiff has suffered lost income, emotional distress, anxiety, humiliation, expenses, and other damages in an amount to be determined at trial but in excess of $25,000, and is entitled to recover compensatory damages in an amount to be determined at trial.

52.     Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

(1)     That the Court declare that Defendant's practices complained of herein are unlawful under REDA and North Carolina common law;

(2)     That the Court enter a judgment against Defendant and order Defendant to pay Plaintiff compensatory damages, including unpaid wages, as well as exemplary, liquidated, punitive and/or treble damages;

(3)     That the Court award Plaintiff all reasonable costs and attorneys' fees incurred in connection with this action;

(4)     That the Court award Plaintiff pre-judgment and post-judgment interest, as provided by law;

(5)     That the Court grant the Plaintiff a trial by a jury; and

(6)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues presented herein.

This the 1st day of December, 2020.

Respectfully submitted,

NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC  27611
(919) 856-2144
(919) 856-2175 (fax)

9

BY:  _____

Clermont F. Ripley
919-856-2154
clermont@ncjustice.org.
Attorney at Law
NC Bar # 36761

Carol L. Brooke
919-856-2144
carol@ncjustice.org
Attorney at Law
NC Bar # 29126

10

# STATE OF NORTH CAROLINA

_____ WAKE _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
Anthony Vines

**Address**
1715 Nutley Dr.

**City, State, Zip**
Fayetteville, NC 28303

**VERSUS**

**Name Of Defendant(s)**
Mountaire Farms, Inc.

# CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

## To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
Mountaire Farms, Inc.
c/o CT Corporation
160 Mine Lake Court, Suite 200
Raleigh, NC 27615

**Name And Address Of Defendant 2**

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Clermont Ripley
North Carolina Justice Center
P.O. Box 28068
Raleigh, NC 27611

**Date Issued** 12 / 1 / 2020

**Time** 5 ☐ AM ☒ PM

**Signature**

☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**

**Time** ☐ AM ☐ PM

**Signature**

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| RETURN OF SERVICE |
|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts