IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-59-BO

| | | |
|---|---|---|
| ANTHONY VINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON BILL OF COSTS** |
| | ) | |
| MOUNTAIRE FARMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the clerk on the motions for bill of costs [DE-55] filed by defendant Mountaire Farms, Inc., and the motion for disallowance of costs [DE-58] filed by plaintiff Anthony Vines.

Defendant originally filed a motion for bill of costs [DE-44] on March 7, 2023. Plaintiff filed a motion for disallowance of costs [DE-46] thereafter, and also filed a notice of appeal [DE-49]. On July 24, 2023, the undersigned denied the pending motions without prejudice, and granted the parties permission to refile and incorporate their prior filings by reference following the issuance of the mandate of the Fourth Circuit Court of Appeals, if appropriate. The Fourth Circuit Court of Appeals issued its mandate on April 16, 2024 [DE-54] and defendant filed its renewed motion for bill of costs [DE-55] the next day. Plaintiff timely filed his motion for disallowance [DE-58] in opposition.

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v.

Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendant, as the prevailing party, seeks recovery of $3,243.50 in costs from plaintiff.

Plaintiff opposes defendant's motion for bill of costs for two reasons. First, plaintiff contends that costs should not be awarded to defendant because plaintiff brought this action in good faith, the issues presented were difficult, and plaintiff is unable to pay the costs. Second, plaintiff contends that costs are not allowed under the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-240, et seq. As to the former argument, those equitable concerns go beyond the clerk's authority in ruling on a motion for bill of costs. See Taniguchi v. Kan Pacific Saipan, Ltd., 566 U.S. 560, 573 (2012) (describing the taxation of costs by the clerk as a "clerical matter"). Plaintiff may raise these equitable arguments in a motion for the court to review the taxation of costs pursuant to Fed. R. Civ. P. 54(c). As to the latter argument, defendant seeks costs under Fed. R. Civ. P. 54(d), not under REDA.

Regarding the specific requested costs, defendant seeks $3,243.50 among two categories of costs allowable by 28 U.S.C. §:1920: (1) fees of the clerk and marshal under § 1920(1) and (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case under § 1920(2). Defendant's request for the filing fee of $402.00 for the removal of this action pursuant to § 1920(1) is allowed. Defendant's request for $2,841.50 in fees for transcript costs pursuant to § 1920(2), however, includes charges for exhibit fees in the amount of $30.00. See Mot. for Bill of Costs, Invoice for Transcripts of Maria Vos, Tiffany Campbell, and Gilda Richardson [DE-55-1] at p. 5. This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not

2

encompassing those charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, only costs in the amount of $2,811.50 are allowed pursuant to § 1920(2).

For the foregoing reasons, plaintiff's motion for disallowance of costs [DE-58] is DENIED and defendant's motion for bill of costs [DE-55] is GRANTED. Costs in the amount of $3,213.50 are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the _1_ day of July, 2024.

Peter A. Moore, Jr.
Clerk of Court