UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-59-BO

ANTHONY VINES, )
)
    Plaintiff, )
)
v. ) ORDER
)
MOUNTAIRE FARMS, INC., )
)
    Defendant. )

This cause comes before the Court on plaintiff's motion to review and reverse the Clerk of Court's order taxing costs. Defendant has responded in opposition and the motion is ripe for ruling.

## DISCUSSION

Plaintiff filed this case against his former employer, Mountaire Farms, alleging that he had been retaliated against in violation of the North Carolina Retaliatory Employment Discrimination Act and wrongfully discharged in violation of public policy. [DE 1]. The Court granted summary judgment to Mountaire Farms [DE 42] and that decision was affirmed in part, vacated in part, and remanded for this Court to amend its judgment by the court of appeals. [DE 53].

As the prevailing party, Mountaire Farms filed a bill of costs pursuant to Fed. R. Civ. P. 54(d)(1) and the Clerk of Court taxed $3,213.50 against plaintiff. [DE 61]. Plaintiff opposed the taxation of costs to the Clerk, but the Clerk held that he could not consider plaintiff's equitable arguments. *Id.* at 2. Plaintiff then filed the instant motion seeking review of the taxation of costs. *See* Fed. R. Civ. P. 54(d)(1) ("the court may review the clerk's action."); Local Civil Rule 54.1(c).

Costs are awarded to the prevailing part as a matter of course. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

> A district court has discretion to deny costs to the prevailing party. A court "must justify its decision to deny costs by articulating some good reason for doing so." A losing party's good faith is insufficient, standing alone, to justify denying costs to a prevailing party. Instead, a losing party's good faith is a "virtual prerequisite" to denying costs to a prevailing party. If a court finds that the losing party acted in good faith, the court may deny an award of costs when "there would be an element of injustice in a presumptive cost award." The factors that a court should consider to determine whether such an element of injustice would arise from an award of costs are: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided."

*Petersen v. Midgett*, No. 2:12-CV-60-D, 2015 U.S. Dist. LEXIS 159339, at *6-7 (E.D.N.C. Nov. 23, 2015) (internal citations omitted).

Plaintiff offers two reasons for reversing the taxation of costs – first that he brought this complaint in good faith and second that he is unable to pay the costs. The Court finds no basis on which to conclude that plaintiff brought this complaint on anything other than his good faith belief that his employment was terminated in retaliation for filing an OSHA complaint. Though the costs awarded in this case are not excessive, plaintiff has sufficiently demonstrated that he is unable to pay the costs. According to his declaration, plaintiff has not had any employment-based income since his employment with Mountaire Farms was terminated, his wife lost her job during the COVID-19 pandemic, and plaintiff has no agreement with a third party to pay costs. [DE 46-1]. Plaintiff's hourly wage when he was employed by Mountaire Farms was $14.10 and his only valuable property is a 2006 Chevrolet Malibu. Plaintiff does not own his home, has no retirement account, and receives no government assistance. *Id.* Although plaintiff is represented by counsel, it appears to have been at no cost to plaintiff. *See* [DE 64 at 5].

Based upon the foregoing, the Court determines that based upon plaintiff's financial circumstances it would be inequitable to require him to pay costs. Mountaire Farms' arguments to the contrary are unavailing. That a court is empowered to tax costs against a party who has been

2

granted leave to appear *in forma pauperis*, *see Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981), does not limit a court's discretion to decline to tax costs based upon, *inter alia*, a party's inability to pay. Here, irrespective of plaintiff having been granted leave by the state court to proceed *in forma pauperis*, plaintiff has demonstrated that at this stage a $3,213.50 award against him would be, at bottom, unjust as he lacks any means with which to pay the costs. Mountaire Farms also contends that there is no requirement that costs which have been assessed must be collected, but that to not tax costs against plaintiff would incentivize plaintiff to file additional suits. This argument is unavailing as the record does not reflect that plaintiff is a frequent litigator. In sum, the Court is persuaded that it should exercise its discretion to reverse the taxation of costs against plaintiff in this case based upon his inability to pay.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to review and reverse the Clerk of Court's order taxing costs [DE 62] is GRANTED. The order by the Clerk of Court granting defendant's motion for bill of costs is REVERSED. No costs are taxed against plaintiff.

SO ORDERED, this __24__ day of September 2024.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE